UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: _____

| | |
|---|---|
| WILLIAM PERKINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FRONTIER COMMUNICATIONS PARENT, INC.; FRONTIER FLORIDA LLC; CITIZENS TELECOM SERVICES COMPANY L.L.C. d/b/a Frontier Communications; and CITIZENS TELECOM SERVICES CO. d/b/a Frontier Communications, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff WILLIAM PERKINS (the "Plaintiff") sues Defendants FRONTIER COMMUNICATIONS PARENT, INC.; FRONTIER FLORIDA LLC; CITIZENS TELECOM SERVICES COMPANY L.L.C. d/b/a Frontier Communications; and CITIZENS TELECOM SERVICES CO. d/b/a Frontier Communications (collectively the "Defendants") and alleges:

### JURISDICTION

1.    This action arises out of Plaintiff's employment relationship with Defendant, including his discrimination and wrongful termination in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* ("ADEA"). Plaintiff also brings this action pursuant to the Florida Civil Rights Act, § 760.10, Fla. Stat. *et seq.* ("FCRA").

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                          Facsimile: 888.270.5549

2. This Court has supplemental jurisdiction over the related state law claims pursuant to 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy under Article III of the United States Constitution. Plaintiff's state law claims share all common operative facts with their federal law claims, and the parties are identical. Resolving Plaintiff's federal and state claims in a single action serves the interests of judicial economy, convenience, consistency, and fairness to the parties.

**VENUE**

3. The Defendants are companies duly authorized to do business in Florida and they do in fact do business in Volusia County, Florida.

4. The Plaintiff is a resident of Volusia County, Florida, within the jurisdiction of this Honorable Court.

5. The acts or omissions giving rise to this Complaint occurred in whole or in part in Volusia County, Florida.

6. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the employment records of the Plaintiff are stored or have been administered, in Volusia County, Florida.

**JOINT EMPLOYMENT/ INTEGRATED ENTERPRISE/ AGENCY**

7. Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of the other co-defendants.

8. Defendants share employees or interchange employees; work in the direct interest of one another and their employees are in the common control of all companies. Defendants are joint employers. Alternatively, each company is an employer under the law and each company is an agent of the other co-defendants.

9. Each Defendant is sued individually, as a joint enterprise, as joint employers, and as agent of the others.

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Plaintiff was employed by Defendants from approximately August 14, 2006, until his wrongful termination on or about March 21, 2022. At all times material, the Plaintiff was employed by the Defendants as an Alternate Channel Director. At the time of the filing of this complaint, Plaintiff is 66 years old.

11. The Plaintiff performed his work admirably. He performed his duties in a satisfactory manner and was never written up by the Defendants.

12. In recent years, while still employed by Defendants, Plaintiff began to internally look for better job opportunities within the Defendants. He incessantly applied and re-applied for open job positions within the Defendants that required his experience and skills and that meant professional growth to Plaintiff.

13. In response, Defendants declined offering a job to Plaintiff every single time. Had Defendants offered Plaintiff any the positions he applied for; it would have been considered a promotion.

14. Conversely, Defendants hired, rehired, and promoted substantially younger individuals (internally and from outside of the Defendants) for the positions Plaintiff applied for.

15. In late November of 2021 and in early 2022, Defendants began terminating the employment of individuals who were substantially older than 40. Terminating old workers became a pattern at the Defendants.

16. On or about March 21, 2022, Defendants terminated Plaintiff alleging that his position had been "eliminated." However, the same job duties that Plaintiff performed were specifically assigned to another employee of the Defendants who happened to be much younger than Plaintiff.

17. To add insult to Plaintiff's termination, Defendants offered Plaintiff a ridiculously low severance pay which completely ignored and failed to value Plaintiff's sixteen years of tenure and outstanding job performance at the Defendants.

18. All conditions precedent to bringing this action have occurred, been performed, or been excused.

19. The Plaintiff has retained the undersigned counsel in order that his rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

**COUNT I:**
**ADEA DISCRIMINATION (FAILURE TO PROMOTE)**

20. The Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

21. At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

22. At all times material hereto, Defendants, jointly or individually, were a "person" and an "employer" as defined by 29 U.S.C. § 630.

23. At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630 (f).

24. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

25. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

26. At all times material to this action, the Defendants engaged in unlawful discrimination against the Plaintiff due to his age, in violation of the ADEA.

27. The Plaintiff is over 40 years old and is within a protected class.

28. The Plaintiff was qualified to perform his job. In addition, Plaintiff was and is qualified for all the positions for which he internally applied for within the Defendants. However, Defendants denied these positions to Plaintiff. Plaintiff was not promoted.

29. The Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, failing to promote Plaintiff due to his age.

30. The effect of the practices complained of in paragraphs 10-17 has been to deprive the Plaintiff of equal employment opportunities because of his age.

31. As a direct and proximate result of the intentional violations by the Defendants, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendants, jointly and severally, for their violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff liquidated damages;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## ADEA DISCRIMINATION (TERMINATION)

32. The Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

33. At all times pertinent hereto, Defendants have been engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

34. At all times material hereto, Defendants, individually or jointly, were a "person" and an "employer" as defined by 29 U.S.C. § 630.

35. At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630 (f).

36. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

37. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

38. At all times material to this action, the Defendants engaged in unlawful discrimination against the Plaintiff due to his age, in violation of the ADEA.

39. The Plaintiff is over 40 years old and is within a protected class.

40. The Plaintiff was qualified to perform his job.

41. The Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by treating the Plaintiff differently than similarly situated younger employees in the terms and conditions of his employment by, *inter alia*, terminating Plaintiff's employment due to his age.

42. The effect of the practices complained of in paragraphs 10-17 has been to deprive the Plaintiff of equal employment opportunities because of his age.

43. As a direct and proximate result of the intentional violations by the Defendants, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendants, jointly and severally, for their violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff liquidated damages;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III: ADEA DISCRIMINATION (RETALIATION)

44. The Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

45. At all times pertinent hereto, the Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

46. At all times material hereto, Defendants, jointly or individually were a "person" and an "employer" as defined by 29 U.S.C. § 630.

47. At all times material hereto, the Plaintiff was an "employee" as defined by the ADEA, 29 U.S.C. § 630(f).

48. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination;

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

49. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

50. At all times material to this action, the Defendants engaged in unlawful discrimination against the Plaintiff due to his age, in violation of the ADEA.

51. The Plaintiff is over 40 years old and is within a protected class.

52. The Plaintiff was qualified to perform his job.

53. From on or around November of 2021 through March of 2022, Plaintiff repeatedly applied for what he considered better job opportunities within the Defendants.

54. Each time Plaintiff applied for a position within the Defendants (to later find out that the job was given to younger individuals) constituted an opposition to the Defendants' practice of discriminating against employees on the basis of age. *See Crawford v. Met. Gov. of Nashville*, 555 U.S. 271 (2009). *See also*, *Jean Pierre v. Park Hotels & Resort, Inc.*, No. 17-cv-21955-GAYLES, 2017 U.S. Dist. LEXIS 164515, at *11 (S.D. Fla. Oct. 4, 2017).

55. Defendants terminated Plaintiff because he opposed age discrimination at work.

56. The Defendants intentionally engaged in unlawful employment practices and discrimination in violation of the ADEA by terminating Plaintiff after he opposed age discrimination.

57. As a direct and proximate result of the intentional violations by the Defendants, the Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by the Defendants, the Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of the Defendants' conduct.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Enter judgment in the Plaintiff's favor and against the Defendants, jointly and severally, for their violations of the ADEA;

b. Award the Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c. Award the Plaintiff liquidated damages;

d. Award the Plaintiff prejudgment interest on his damages award;

e. Award the Plaintiff reasonable costs and attorneys' fees; and

f. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## FCRA DISCRIMINATION (FAILURE TO PROMOTE)

58. The Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

59. At all times pertinent hereto, the Defendants have been engaged in an industry affecting commerce and have had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

60. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

61. At all times material, the Defendant, jointly or individually, was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

62. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

   a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

   b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

   c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

63. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

64. At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

65. The Plaintiff is a member of protected class of citizens who are over 40 years of age.

66. During the course of the Plaintiff's employment with the Defendants, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his age, as more fully described in paragraphs 10-17 of this Complaint.

67. The discriminatory conduct referred to in paragraphs 10-17 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

68. The Plaintiff was subjected to the conduct referred to in this Complaint because he is over 65 years of age.

69. Similarly situated employees who are not 65 years or older were not subjected to the conduct described and referred to in paragraphs 10-17 of this Complaint.

70. During the course of the Plaintiff's employment with the Defendants, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his age, as more fully described in paragraphs 10-17.

71. The Plaintiff was qualified to perform his job. In addition, Plaintiff was and is qualified for all the positions for which he internally applied for within the Defendants. However, Defendants denied these positions to Plaintiff. Plaintiff was not promoted.

72. The Defendants violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his age in the terms, conditions, and privileges of his employment. Specifically, Defendants failed to promote Plaintiff due to his age.

73. As a direct and proximate result of the Defendants' intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

74. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendants is a mere pretext for the actual reason for discriminating against him based on his age.

75. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

76. The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE,** the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d. Order the Defendants to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (Fla. Stat. 448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## COUNT V:
## FCRA DISCRIMINATION (TERMINATION)

77. The Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

78. At all times pertinent hereto, the Defendants have been engaged in an industry affecting commerce and have had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

79. At all times material hereto, Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

80. At all times material, the Defendant, jointly or individually, was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

81. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

    a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

    b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

    c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue.

82. Any other applicable conditions precedent to bringing this action have occurred, been performed, or been excused before the filing of this lawsuit.

83. At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "[t]o discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

84. The Plaintiff is a member of protected class of citizens who are over 40 years of age.

85. During the course of the Plaintiff's employment with the Defendants, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his age, as more fully described in paragraphs 10-17 of this Complaint.

86. The discriminatory conduct referred to in paragraphs 10-17 of this Complaint is and was offensive to the Plaintiff and would be offensive to a reasonable person.

87. The Plaintiff was subjected to the conduct referred to in this Complaint because he is over 65 years of age. Defendants terminated Plaintiff due to his age.

88. Similarly situated employees who are not 65 years or older were not subjected to the conduct described and referred to in paragraphs 10-17 of this Complaint.

89. During the course of the Plaintiff's employment with the Defendants, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his age, as more fully described in paragraphs 10-17.

90. At all times relevant, the Plaintiff is and was qualified to perform his job.

91. The Defendants violated the Florida Civil Rights Act by discriminating against the Plaintiff because of his age in the terms, conditions, and privileges of his employment. Specifically, Defendants terminated Plaintiff due to his age.

92. As a direct and proximate result of the Defendants' intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

93. Any alleged nondiscriminatory reason for this treatment of the Plaintiff by the Defendants is a mere pretext for the actual reason for discriminating against him based on his age.

94. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

95. The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE,** the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b. Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c. Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d. Order the Defendants to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e. Award a monetary judgment representing prejudgment interest;

f. Award any other compensation allowed by law including punitive damages and attorneys' fees (Fla. Stat. 448.104);

g. Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h. Grant such other and further relief as the Court deems just and proper.

## COUNT VI:
## FCRA DISCRIMINATION (RETALIATION)

96. The Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800  Telephone: 305.503.5131
Aventura, Florida 33180  Facsimile: 888.270.5549

97. At all times pertinent hereto, the Defendants have been engaged in an industry affecting commerce and has had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

98. At all times material hereto, the Plaintiff was an "aggrieved person" as defined by the FCRA, Fla. Stat. § 760.02(10).

99. At all times material, the Defendants, jointly and individually, was a "person" and an "employer" as defined by Fla. Stat. § 760.02.

100. The Plaintiff has complied with all conditions precedent in filing this action, to wit:

  a. The Plaintiff timely filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission;

  b. More than 180 days have passed since the filing of the Plaintiff's charge of discrimination; and

  c. The Plaintiff is filing this action within 90 days of receiving a Notice of Right to Sue Notice.

101. Any other applicable conditions precedent to bringing this action have occurred, been performed or been excused before the filing of this lawsuit.

102. At all times material hereto, the Defendants failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful employment practice for an employer "to discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

103. The Plaintiff is a member of protected class of citizens over the age of 40.

104. From on or around November of 2021 through March of 2022, Plaintiff repeatedly applied for what he considered better job opportunities within the Defendants.

105. Each time Plaintiff applied for a position within the Defendants (to later find out that the job was given to younger individuals) constituted an opposition to the Defendants' practice of discriminating against employees on the basis of age. *See Crawford v. Met. Gov. of Nashville*, 555 U.S. 271 (2009). *See also*, *Jean Pierre v. Park Hotels & Resort, Inc.*, No. 17-cv-21955-GAYLES, 2017 U.S. Dist. LEXIS 164515, at *11 (S.D. Fla. Oct. 4, 2017).

106. Defendants terminated Plaintiff because he opposed age discrimination at work.

107. The Plaintiff was and is qualified for his position while working for the Defendant. He was also qualified for the positions he applied within the Defendants.

108. The Defendants violated the Florida Civil Rights Act by retaliating against the Plaintiff because of his opposition to discrimination based on age.

109. As a direct and proximate result of the Defendants' intentional conduct, the Plaintiff has suffered, is now suffering and will continue to suffer emotional distress, humiliation, embarrassment and economic losses.

110. The Defendants' actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Fla. Stat. § 760.10.

111. The aforementioned actions of the Defendants were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

a. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

b.  Award the Plaintiff compensatory damages for emotional distress, embarrassment and humiliation;

c.  Grant a permanent injunction enjoining the Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race and national origin.

d.  Order the Defendants to make the Plaintiff whole, by compensating him for lost wages, benefits, including front pay, back pay with prejudgment interest;

e.  Award a monetary judgment representing prejudgment interest;

f.  Award any other compensation allowed by law including punitive damages and attorney's fees (Fla. Stat 448.104);

g.  Award the Plaintiff costs of this action, including reasonable attorneys' fees;

h.  Grant such other and further relief, as the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands trial by jury of all issues so triable as of right.

Dated: December 30, 2022.

Respectfully submitted,

**By: /s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*